IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHEL FAMILIA-MORETA,

                      Petitioner,

   v.

FCI OXFORD'S WARDEN,

                      Respondent.

OPINION and ORDER

24-cv-914-jdp

---

Petitioner Michel Familia-Moreta, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. Familia-Moreta contends that Bureau of Prison officials have denied him at least 120 days of time credit under the First Step Act that, if applied to his sentence, would result in his earlier release to immigration authorities.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition because Familia-Moreta hasn't exhausted his administrative remedies.

I begin with some background. In June 2019, Familia-Moreta was convicted in the District of Puerto Rico of conspiracy to import a controlled substance and sentenced to 87 months' imprisonment. *United States v. Familia-Moreta*, No. 16-cr-729 (P.R.), Dkt. 965. Familia-Moreta is housed at FCI Oxford and the Bureau of Prisons' online inmate locator shows that he has a projected release date of January 29, 2028.

In his petition, Familia-Moreta contends that BOP officials have denied him at least 120 days of FSA time credit toward early release to immigration authorities based on a mistaken determination that he's subject to a final order of removal. Familia-Moreta explains that he's subject to an immigration detainer, not a final order of removal. Familia-Moreta contends that the BOP's decision is erroneous because deportable aliens are ineligible to have earned time credits applied to their sentences only if they're subject to a final order of removal. Dkt. 1 at 1 (citing 18 U.S.C. § 3632(d)(4)(E)).

Courts generally require a prisoner to exhaust the BOP's administrative remedy program before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); 28 C.F.R. §§ 542.14(a), 542.15(a). The issue that Familia-Moreta raises requires a detailed analysis of his eligibility for time credits, which the BOP is charged with calculating. Furthermore, Familia-Moreta "is challenging a fact-specific determination that his order of deportation is final." *See Bojorquez-Valenzuela v. Emmerich*, No. 24-cv-529-jdp, 2024 WL 4480252, at *2 (W.D. Wis. Sept. 18, 2024). If Familia-Moreta is contending that the BOP has an official policy of denying FSA time credits to prisoners subject to immigration detainers, that policy was rescinded in February of 2023. *See De Lima v. Warden, FCI Ft. Dix NJ*, No. 24-cv-6925, 2024 WL 3580665, at *1 (D.N.J. July 26, 2024) (citing BOP Program Statement 5410.01, subject to Change Notice 5410.01 CN1). Familia-Moreta must exhaust the remedies available to him within the BOP before turning to the court for relief.

ORDER

IT IS ORDERED that:

1. Petitioner Michel Familia-Moreta's petition, Dkt. 1, is DISMISSED for failure to exhaust administrative remedies.

2. The clerk of court is directed to enter judgment and close the case.

Entered January 14, 2025.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  JAMES D. PETERSON
                                  District Judge