IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHEL FAMILIA-MORETA,

                      Petitioner,

  v.

FCI OXFORD'S WARDEN,

                      Respondent.

OPINION and ORDER

24-cv-914-jdp

---

      Petitioner Michel Familia-Moreta, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. Familia-Moreta contends that Bureau of Prison officials have denied him earned-time credit under the First Step Act (FSA) based on an erroneous determination that he is subject to a final order of removal instead of an immigration detainer. Dkt. 1. But the undisputed evidence shows that Familia-Moreta is the subject of an expedited order of removal issued pursuant to 8 U.S.C. § 1225(b)(1). Dkt. 12-10.

      Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). Judicial review of expedited orders of removal under § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in 8 U.S.C. § 1252(e)(2). Familia-Moreta's petition does not fit within scope of allowable petitions, and the FSA prohibits the BOP from applying his earned-time credit to his sentence because he's the subject of a final order of removal. I will dismiss the petition in part for lack of jurisdiction and otherwise deny it.

BACKGROUND

Familia-Moreta is a native and citizen of the Dominican Republic. Dkt. 12-10 at 2. In January 2024, Familia-Moreta was sentenced to 87 months' imprisonment in the District of Puerto Rico following his guilty plea to conspiracy to import a controlled substance. *See United States v. Familia-Moreta*, 16-cr-729-4, Dkt. 964 and Dkt. 965. Familia-Moreta is incarcerated at FCI Oxford and has a release date of January 29, 2028.

In July 2024, the Department of Homeland Security issued a notice and order of expedited removal against Familia-Moreta. Dkt. 12-10 at 2. The order states that Familia-Moreta is inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because: (1) he's a native and citizen of the Dominican Republic; and (2) he lacks valid entry documentation. *See id.*

ANALYSIS

The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *Nelson v. Keyes*, No. 22-cv-731-wmc, 2023 WL 4496766, at *1 (W.D. Wis. June 6, 2023) (citing 18 U.S.C. § 3632(d)(4)(A)). But the FSA prohibits the BOP from applying earned-time credit toward prerelease custody or supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

Familia-Moreta is subject to an expedited order of removal issued under § 1225(b)(1), but judicial review of such orders is limited to the issues defined in § 1252(e)(2):

> (2) Habeas corpus proceedings
>
> > Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
> >
> > (A) whether the petitioner is an alien,
> >
> > (B) whether the petitioner was ordered removed under such section, and
> >
> > (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2). Familia-Moreta does not contend, and the record does not reflect, that any of these provisions applies.

Familia-Moreta contends that he's subject to only an immigration detainer only, but the undisputed evidence shows otherwise. Also, Familia-Moreta argues that he could not be subject to a final order of removal because he's expressed a fear of persecution and torture. But this court lacks jurisdiction to hear this argument under § 1252(a) because it is outside the scope of § 1252(e)(2). Also, there's no evidence that immigration proceedings are pending. *See Hurtado v. Warden, FCI Oxford*, No. 24-cv-796-wmc, 2025 WL 472742, at *2 (W.D. Wis. Jan. 14, 2025) ("Unless and until petitioner prevails in proceedings before the immigration courts or a court of appeals, his expedited order of removal remains valid.").

The evidence shows that Familia-Moreta is the subject of a final order of removal. The FSA thus prohibits the BOP from applying his earned-time credits to his sentence. I will dismiss the petition in part for lack of jurisdiction and otherwise deny it.

ORDER

IT IS ORDERED that:

1. Petitioner Michel Familia-Moreta's petition, Dkt. 1, is DISMISSED in part for lack of jurisdiction and otherwise DENIED.

2. The clerk of court is directed to enter judgment and close the case.

Entered September 5, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge